UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL CORK,

       Plaintiff,                  CIVIL ACTION NO. 12-CV-11214

       vs.                         DISTRICT JUDGE DAVID M. LAWSON

MICHIGAN PAROLE BOARD,     MAGISTRATE JUDGE MONA K. MAJZOUB
THOMAS COMBS, ABIGAIL A.
CALLEJAS, and CHARLES L. BROWN,

       Defendants,
_____/

## REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION:** This Court recommends that the motion for summary judgment filed by Defendants Michigan Parole Board, Thomas Combs, Abigail Callejas, and Charles Brown (docket no. 9) be granted and Plaintiff's complaint be dismissed.

**II.**    **REPORT:**

This matter comes before the Court on the motion for summary judgment filed by Defendants Michigan Parole Board, Thomas Combs, Abigail Callejas, and Charles Brown. (Docket no. 9). Plaintiff filed a response. (Docket no. 12). All pretrial matters have been referred to the undersigned for action. (Docket no. 8). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(f). The motion is now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

**A.**    **Facts and Procedural History**

Plaintiff, a Michigan state prisoner currently incarcerated at the Thumb Correctional Facility in Lapeer, Michigan, filed this *pro se* action against the Michigan Parole Board and individual parole board members Thomas Combs, Abigail Callejas, and Charles Brown. Plaintiff, an African-

1

American Muslim, alleges that Defendants violated his equal protection rights on the basis of race and religion.

Plaintiff was sentenced in November of 2000 to a ten to fifteen year term of imprisonment on an involuntary manslaughter conviction, with a consecutive two year term on a felony firearm conviction. On July 7, 2011 Michigan Parole Board member Amy Bonito interviewed Plaintiff to determine his parole eligibility. Subsequently, on October 31, 2011, she and panel member Anthony King voted to grant his parole. (Docket no. 9, ex. 4). As special conditions for parole, Plaintiff was required to reside at Healthy Living upon release to parole and complete the Healthy Living program. (Docket no. 9, ex. 4). His projected parole date was December 20, 2011.

On December 9, 2011 Defendant Thomas Combs, Chairperson of the Michigan Parole Board sent correspondence to the parole board staff stating that Plaintiff's file had been reviewed and it was determined that he was not eligible for Healthy Living participation. (Docket no. 9, ex. 4). Consequently, Plaintiff was notified that the parole board was suspending the parole action to consider the information that Plaintiff was no longer eligible for Healthy Living programming. On January 3, 2012, a Parole Board Notice of Decision was mailed to Plaintiff stating that his parole was denied for a period of twelve months. (Docket no. 9, ex. 4). Defendants Callejas and Brown were the two panel members who voted to deny Plaintiff's parole.

Plaintiff alleges in his complaint that he was informed that there was no money available to send him to the Healthy Living program and there were no alternative programs for which he qualified. He contends that a similarly situated white, Christian inmate by the name of David Lawson was not treated in the same manner. He alleges that like him, David Lawson received a Parole Board Notice of Decision informing him that he would be paroled subject to his completion

of the Healthy Living program. Plaintiff states that David Lawson was later informed that he was not eligible for the Healthy Living program because of a lack of funds. Nevertheless, Plaintiff contends that David Lawson was recommended for participation in an alternative program and notified that he would be paroled upon his completion of the Re-entry program.

Plaintiff states that Defendants singled him out and treated him differently from similarly situated prisoners (Lawson) because of his race and religion. Plaintiff alleges a violation of equal protection under theories of race, religion, class of one, and selective enforcement. He seeks injunctive relief, monetary damages, and he asks the Court to reinstate his parole with the condition that he be provided alternative programing as a special condition to parole.

**B.     Governing Law**

Defendants move for entry of summary judgment pursuant to Fed. R. Civ. P. 56. Summary judgment is appropriate where the moving party shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox Cnty. Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Id.* In determining whether there are issues of fact for trial, the inferences drawn from the underlying facts must be viewed in a light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). A mere scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

**C.     Analysis**

Defendants move for summary judgment, arguing that race and religion were not a factor in determining Plaintiff's parole eligibility. An affidavit submitted by Defendant Combs states that he sent written correspondence to the parole board staff notifying them that Plaintiff was not eligible for the Healthy Living Program because he received communication from the Substance Abuse Services section that Plaintiff was not an appropriate candidate for the Healthy Living program. (Docket no. 9, ex. 1). He states that race was not a factor in determining Plaintiff's program eligibility. The affidavits of Defendants Callejas and Brown state that they voted to deny parole after they learned Plaintiff was ineligible for the Healthy Living program because they believed Plaintiff should complete a cognitive program in a secure structured environment prior to parole. (Docket no. 9, ex. 2, 3).

The Michigan Parole Board is an entity within the Michigan Department of Corrections. As such, it is immune from suit under the Eleventh Amendment. *Lee v. Michigan Parole Bd.*, 104 Fed. Appx. 490, 492 (6th Cir. 2004). Eleventh Amendment immunity is jurisdictional and applies regardless of the relief requested. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-102 (1984). Similarly, Plaintiff's damage claims against the individual parole board members, Defendants Combs, Callejas, and Brown, in their official capacities are barred by the Eleventh Amendment. *Will v. Mich. Dep't. of State Police*, 491 U.S. 58, 70-71 (1989). Accordingly, Plaintiff's claims against the Michigan Parole Board and his damage claims against the individual Defendants in their official capacities should be dismissed.

Next, Defendants Combs, Callejas, and Brown argue that they are entitled to qualified immunity on all of Plaintiff's claims. Although they don't argue for application of absolute

immunity, courts that have addressed claims against individual parole board members have concluded that parole board members are absolutely immune from liability for their conduct in parole cases when they are exercising their decision-making powers. *Horton v. Martin*, 137 Fed. Appx. 773, 775 (6th Cir. 2005). Parole board members exercise their decision making powers even if, when deciding whether to grant or deny parole, they make an unconstitutional or unlawful decision. *Mayorga v. Missouri*, 442 F.3d 1128, 1131 (8th Cir. 2006) (citation omitted). The absolute immunity afforded to parole board members encompasses not only a claim for damages but also a claim for injunctive relief. *Benner v. Mich. Parole Bd.*, No. 07-569, 2008 WL 724778, at *1 (W.D. Mich. March 17, 2008). Thus, Defendants Combs, Callejas, and Brown are immune from all of Plaintiff's individual capacity claims.

As for Plaintiff's request for a preliminary injunction ordering Defendants to reinstate his parole with conditions that he be provided alternative programming as a special condition to parole, the undersigned suggests that this request runs afoul of *Heck v. Humphrey*, 512 U.S. 477 (1994). The Sixth Circuit has applied *Heck* to bar "proceedings that call into question the fact or duration of parole or probation." *Noel v. Grzesiak*, 96 Fed. Appx. 353, 354 (6th Cir. 2004).

This leaves Plaintiff's official capacity claims against Defendants Combs, Callejas, and Brown for future injunctive relief. Plaintiff asks for an injunction ordering Defendants to cease their discriminatory and selective enforcement practices against Plaintiff. "The Equal Protection Clause provides that 'all persons similarly situated should be treated alike.' " *Cutshall v. Sundquist*, 193 F.3d 466, 482 (6th Cir. 1999) (quoting *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985)). Under the Equal Protection Clause the government is prohibited from engaging in discrimination which: (1) burdens a fundamental right; (2) targets a suspect class; or (3)

"intentionally treats one differently than others similarly situated without any rational basis for the difference." *TriHealth, Inc. v. Bd. of Comm'rs*, 430 F.3d 783, 788 (6th Cir. 2005) (citation omitted). The third prong, commonly known as a class-of-one theory, requires a plaintiff to prove that he was intentionally treated differently from other similarly situated individuals without a rational basis for the difference in treatment. *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). A plaintiff establishes that government action lacks a rational basis "either by negativing every conceivable basis which might support the government action, or by showing that the challenged action was motivated by animus or ill-will." *TriHealth, Inc.*, 430 F.3d at 788 (citation omitted).

In the instant case Plaintiff has failed to demonstrate that triable issues of fact remain as to whether Defendants subjected him to racial or religious discrimination. Plaintiff has alleged that he was singled out for different treatment because he was African-American and a Muslim. However, beyond Plaintiff's conclusory allegations, the evidence shows that Defendant parole board members made their decision to deny Plaintiff's parole for reasons unrelated to race or religion.

Plaintiff has also alleged a violation of the Equal Protection Clause based on a class-of-one theory. Courts, citing the inherently speculative nature of parole board decisions, have barred class-of-one equal protection claims involving parole decisions. *See Franks v. Rubitschun*, No. 06-164, 2010 WL 1424253, at *7 (W.D. Mich. March 31, 2010). Even if the class-of-one claim is not barred, a plaintiff alleging such a claim must show that he was treated differently from at least one similarly situated individual. The similarly situated individual must be similar in all material respects. *Taylor Acquisitions, LLC v. City of Taylor*, 313 Fed. Appx. 826, 836 (6th Cir. 2009). Generally, whether individuals are similarly situated is a question of fact for the jury, however, "where there are no genuine issues of fact that such a comparator exists, the court may decide this

matter on summary judgment." *JDC Mgmt., LLC v. Reich*, 644 F. Supp. 2d 905, 926 (W.D. Mich. 2009) (citations omitted).

Here, Plaintiff was sentenced to a ten to fifteen year term of imprisonment for the commission of a violent felony. He was deemed to be ineligible to participate in the Healthy Living program based on a Substance Abuse Services report. Furthermore, the members of his parole board that voted against parole believed he needed cognitive based programming prior to being released into the community. There is no evidence to show that inmate David Lawson was similarly situated in all or even any of these material respects.

Finally, Plaintiff has alleged a violation of the Equal Protection Clause based on a selective enforcement theory. To the extent this is a viable claim, the Court finds that it would fail for the same reasons the class-of-one claim would fail. *See Farm Labor Org. Comm. v. Ohio State Highway Patrol*, 308 F.3d 523, 533-34 (6th Cir. 2002) (a plaintiff asserting selective enforcement of a facially neutral law must demonstrate that similarly situated individuals were treated more favorably and that difference was motivated by a discriminatory purpose).

The undersigned recommends that Defendants motion for summary judgment be granted and Plaintiff's complaint be dismissed.

### III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th

Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: January 14, 2013         s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Michael Cork and Counsel of Record on this date.

Dated: January 14, 2013         s/ Lisa C. Bartlett
                                Case Manager